UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GEORGE WAIKSNIS,                    )
                                    )
                  Petitioner,       )
                                    )
        vs.                         )        Case No:  4:17CV1362 HEA
                                    )
JAY CASSADY,                        )
                                    )
                  Respondent.       )

## OPINION, MEMORANDUM AND ORDER

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2254 [Doc. No.1] on April 19, 2017. Respondent filed a Response to the Court's

Order to Show Cause Why Relief Should Not be Granted [Doc. No. 11] on June 1,

2017. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United

States District Courts, this Court has determined that there are no issues asserted

that give rise to an evidentiary hearing and therefore one is not warranted. For the

reasons explained below, the Response to the Order to Show Cause Why Relief

Should not be Granted is well taken and the petition will be dismissed.

### Procedural Background

On July 17, 2013, Petitioner was charged by indictment with one count of

first-degree assault of a law enforcement officer, one count of armed criminal

action, one count of resisting arrest, one count of unlawful possession of a firearm,

and one count of possession of a controlled substance. Petitioner was also found to

be a persistent offender. On November 25, 2013, Petitioner pleaded guilty to all

counts. The Missouri Court of Appeals summarized the relevant facts in its

Opinion affirming the denial of post-conviction relief:

> During the plea hearing, Movant stated that he was clearheaded and
> knew what he was doing. Movant assured the court that he was not in
> any way confused, and that he understood and knew what was
> happening. Movant stated that it was his decision alone to proceed
> with a plea of guilty. He also stated that while he was under the
> influence of a controlled substance during the commission of the
> crime, his ability to plead guilty was not influenced by this in any
> way. Defense counsel also assured the court that Movant had the
> capacity to stand trial.
>
> Movant stated that he understood he had the right to a jury trial and all
> the other rights attendant to a jury trial, that he was waiving all those
> rights by pleading guilty, and that there would be no trial and no
> appeal. Movant affirmed that the plea was not pursuant to any
> recommendation from the State.
>
> Thereafter, the prosecutor recited the charges against Movant and
> advised the court of the facts he intended to prove had the case
> proceeded to trial. The prosecutor stated that the evidence would show
> that Officer David Steinmeyer (Officer Steinmeyer) was running
> stationary radar on eastbound I-44 near the Franklin County line.
> Around 1:00 p.m., Movant's vehicle drove by at ninety miles per
> hour. Officer Steinmeyer attempted to pull Movant over, but because
> of congestion, it took almost two miles on the I-44 before Movant
> pulled onto the shoulder.
>
> Officer Steinmeyer was in a marked police vehicle with emergency
> lights flashing in full view; however, before Officer Steinmeyer was
> able to park his vehicle behind Movant's, Movant fired three shots out
> the back window blowing out the rear window. One bullet lodged in
> Officer Steinmeyer's front windshield on the driver's side near the
> doorjamb. At this point, Movant took off at a high rate of speed,

weaving in and out of traffic. Officer Steinmeyer called for assistance, and the chase ensued for another seven miles.

A roadblock with spike strips was set across the highway. Movant tried to avoid the spike strips, lost control of his vehicle, and rolled over at least three times, landing upright on all four wheels. As officers approached, they observed Movant sitting in the vehicle, smoking a cigarette. Eventually, Movant got out of the vehicle and was taken into custody. Police recovered a .40-caliber weapon and two shell casings from Movant's vehicle. The casings were later determined to have been fired from the .40-caliber gun found in Movant's vehicle, and a subsequent search of the vehicle uncovered a small quantity of methamphetamine. While in custody, Movant admitted that as soon as he saw the police officer, "he knew the police officer had him."

When asked by the court about the prosecutor's statement, Movant indicated that the facts recited were true, that the prosecutor had not left anything out, and that no one had told Movant not to tell the court the truth. Movant added, "I want to apologize to the officer that I shot at. I'm sorry. I'm glad nothing happened to you based on shooting back." Movant also stated that no threats or promises had been made to him to get him to plead guilty and that he was pleading guilty because he was, in fact, guilty.

Movant stated he understood the range of punishment as to the counts he faced and plea counsel stated that he explained the range of punishment to Movant and he believed that Movant understood it. Plea counsel stated that Movant's plea was not in exchange for a recommendation by the State. Movant stated that no one had discussed probation with him and that probation was not an option.

When asked by the court about the assistance he had received by his legal counsel up to that point, Movant stated that his attorney had done everything he had asked and that counsel had fully investigated Movant's case. Movant stated that plea counsel had discussed all possible defenses with him, that he was satisfied with counsel's services, and had no questions for his attorney at that time.

> Finding the plea to have been made voluntarily and finding a factual basis for the plea, the trial court accepted Movant's guilty plea. The court also found that Movant was competent to proceed and had the capacity to proceed in his own defense. Thereafter, the plea court sentenced Movant to varying terms of imprisonment, totaling forty-four years.
>
> After sentencing, the court again inquired into Movant's legal representation. Movant repeated that he had enough time to discuss his case with counsel prior to his plea, that plea counsel answered all of his questions, and that plea counsel had done what he had asked him to do and had fully explained his rights to him. Movant also stated that he had no complaints about his representation and felt that his attorney had done a good job. Movant reiterated that no one made any threats or promises to get him to plead guilty. Based upon Movant's statements, the court found no probable cause to believe that Movant received ineffective assistance of counsel.

*Waiksnis v. State of Missouri*, No. ED103190 (Mo. App. E.D. August 16, 2016),

(Respondent's Exhibit C, pp. 2-5).

On August 28, 2014, Petitioner filed a *pro se* motion for post-conviction relief. Petitioner was then appointed counsel, who filed an amended motion for post-conviction relief on December 22, 2014. In his amended post-conviction motion, Petitioner alleged that: 1) there was an insufficient factual basis for the plea court to accept Petitioner's pleas of guilty to Counts I and II of the indictment; 2) plea counsel was ineffective in that he did not advise Petitioner that he could seek conviction for a lesser included offense of assault on a law enforcement officer in the second degree had he proceeded to jury trial; and 3) plea counsel was ineffective in that he promised Petitioner that if he pleaded guilty, the court would

not "max him out" and would run his sentences concurrent to one another. The motion court denied Petitioner's request for an evidentiary hearing and denied Petitioner's motion for post-conviction relief.

Petitioner appealed the motion court's denial. On appeal of the post-conviction denial, Petitioner renewed only his claim that plea counsel was ineffective for failing to advise him that if he went to trial, he could request a jury instruction on the lesser included offense of second-degree assault of a law enforcement officer based on the theory that Movant did not attempt to cause serious physical injury to Officer Steinmeyer, but only to place him in apprehension of serious physical injury. The Missouri Court of Appeals denied his appeal on August 16, 2016.

Here, Petitioner essentially raises three grounds for relief. In Ground One, he asserts that he was charged in the indictment with Assault on a Law Enforcement Officer in the Third Degree but sentenced under the penalty for Assault on a Law Enforcement Officer in the First Degree. In Ground Two, Petitioner alleges ineffective assistance of counsel for failure to address the issue presented in Ground One. In Ground Three, Petitioner alleges that trial counsel was ineffective for failing to help him with his defense in that counsel did not inform him that a jury could find him guilty of a lesser included offense.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §
2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners
after the statute's effective date of April 24, 1996. When reviewing a claim that has
been decided on the merits by a state court, AEDPA limits the scope of judicial
review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a state court shall not be granted
> with respect to any claim that was adjudicated on the merits in state
> court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved
> > an unreasonable application of, clearly established federal
> > law, as determined by the Supreme Court of the United
> > States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented
> > in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v.
Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by [the U.S. Supreme Court] on a question of law or if the state court
> decides a case differently than [the U.S. Supreme Court] has on a set
> of materially indistinguishable facts. Under the 'unreasonable
> application' clause, a federal habeas court may grant the writ if the
> state court identifies the correct governing legal principle from [the
> U.S. Supreme Court's] decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000).  Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court

factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Statute of Limitations

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus.  That window opens at the conclusion of direct review.  The window closes a year later.  Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003). If an inmate does not seek a writ of certiorari on direct review, direct review concludes when the time limit for seeking further review expires. *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Under Missouri Supreme Court Rule 30.01, Rule 30.03, Rule 81.04, and Rule 81.08, the time limit for filing a notice of appeal is ten days after sentencing.

## Procedural Default

To preserve a claim for federal habeas review, a state prisoner "must present that claim to the state court and allow that court an opportunity to address [his or her] claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a

procedurally defaulted claim only "where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)). To demonstrate cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, "[t]he habeas petitioner must show 'not merely that the errors at...trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.*at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Lastly, in order to assert the fundamental miscarriage of justice exception, a petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)).

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Here, Plaintiff states three grounds for relief. In Ground One, he alleges that he was sentenced under the penalty for Assault on a Law Enforcement Officer in the First Degree but was charged in the indictment

with Assault on a Law Enforcement Officer in the Third Degree. In Ground Two,

Petitioner alleges ineffective assistance of counsel for failure to address the issue

presented in Ground One. In Ground Three, Petitioner alleges that trial counsel

was ineffective for failing to inform him that after a trial, a jury could find him

guilty of a lesser included offense.

> Ground One – Offense charged in the indictment

Petitioner was charged by superseding grand jury indictment on July 17,

2013. Count One of that indictment reads as follows:

> COUNT: 01 ASSUALT/ATTEMPT ASSAULT 1ST DEGREE ON
> LEO – CLASS A FELONY
>
> That George Waiksnis, in violation of Section 565.083, RSMo,
> committed the class A felony of assault on a law enforcement officer
> in the first degree, punishable upon conviction under Section 558.011,
> RSMo, in that on or about January 29, 2013, in the County of St.
> Louis, State of Missouri, the defendant attempted to cause serious
> physical injury to David Steinmeyer, a law enforcement officer, by
> shooting at the victim.

Petitioner's first claim is based solely on the indictment's citation to "Section

565.083, RSMo," because Section 565.083 RSMo defines Assault of a Law

Enforcement Officer in the Third Degree, while Assault of a Law Enforcement

Officer in the First Degree is defined in Section 565.081 RSMo. Petitioner asserts

that it was therefore impermissible for the plea court to sentence him for First

Degree Assault of a Law Enforcement Officer, a Class A felony.

Petitioner failed to raise the claim articulated in Ground One in his post-conviction motion or on appeal. Petitioner presents no evidence that might establish good cause for his default. Even if Petitioner could establish cause for default, he cannot demonstrate prejudice because Petitioner had actual notice of the charge against him despite the erroneous citation to Section 565.083 RSMo instead of Section 565.081 RSMo in the indictment. *See Hulstine v. Morris*, 819 F.2d 861, 864 (8th Cir.1987) ("Due process requirements may be satisfied if a defendant receives *actual notice* of the charges against him, even if the indictment or information is deficient.") The indictment twice stated that the charge was for first degree assault of a law enforcement officer, twice stated that the charge was a Class A Felony, and properly alleged the elements of first-degree assault of a law enforcement officer. The plea transcript further demonstrates that Petitioner knew he was charged with and was pleading guilty to assault of a law enforcement officer in the first degree. Plaintiff does not argue actual innocence, so the fundamental miscarriage of justice exception does not apply. Ground One will be denied as procedurally barred.

Ground Two: Ineffective assistance of counsel for failure to raise the indictment error

In Ground Two, Petitioner alleges ineffective assistance of counsel for failure to address the indictment's citation to Section 565.083 RSMo instead of

Section 565.081 RSMo. Like his claim in Ground One, Petitioner's Ground Two claim was not raised in his state court proceedings, and thus is procedurally defaulted. Petitioner presents no evidence that might establish good cause for his default. Additionally, Petitioner cannot show prejudice resulting from the numerical error in the indictment for the reasons described in the Court's analysis of Ground One. Ground Two will be denied as procedurally barred.

Ground Three: Ineffective assistance of counsel for failure to advise Petitioner of possibility of a jury conviction on a lesser included offense

In Ground Three, Petitioner alleges that trial counsel was ineffective for failing to inform him that if he proceeded to trial, a jury could find him guilty of a lesser included offense. Petitioner raised this claim in his post-conviction motion and on appeal. The Missouri Court of Appeals, in reviewing the post-conviction motion denial, considered Petitioner's claim of ineffective assistance of counsel. The claims were considered with *Strickland v. Washington*, 466 U.S. 668 (1984) as the legal compass. The Missouri Appeals Court concluded the ineffective assistance of counsel claims were without merit:

> To prove ineffective assistance of counsel, the movant must show that (i) "his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances," and (ii) he was prejudiced by counsel's failure. *Buckner v. State*, 35 S.W.3d 417, 420 (Mo. App. W.D. 2000). If either prong of this test, derived from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is not satisfied, we need not consider the other. *Buckner*, 35 S.W.3d at 420. A movant

establishes prejudice in a guilty plea case if he proves that "but for the errors of counsel, he would not have pleaded guilty and would have demanded a trial." *Id.* In his sole point on appeal, Movant argues that plea counsel was ineffective for failing to advise him that if he went to trial, he could request a jury instruction on the lesser included offense of second-degree assault of a law enforcement officer based on the theory that Movant did not attempt to cause serious physical injury to Officer Steinmeyer, but only to place him in apprehension of serious physical injury. Movant contends that if plea counsel had discussed this option with him, he would not have pled guilty but would have insisted on going to trial.

Discusssion

In denying Movant's claim, the motion court found that Movant repeatedly testified that he understood that he had a right to proceed to trial, that he had a right to a jury trial, to have his attorney represent him through the trial, that he had the right to subpoena witnesses and present evidence, the right to cross-examine and challenge the State's witnesses and evidence, and that all of those rights were waived by pleading guilty. The motion court further found that Movant repeatedly assured the court that counsel had done all that he had asked, that counsel had discussed all possible defenses that counsel had fully investigated the case, and that Movant was fully satisfied with counsel's services. The motion court found that Movant pled he had sufficient opportunity to discuss his case with his attorney, that his attorney answered all of his questions, that his attorney did what he asked, and that his rights were fully explained to him by counsel. The motion court also found that a defendant who repeatedly assures the court that he was satisfied with counsel's performance is barred from obtaining post-conviction relief based on ineffective assistance of counsel. The motion court concluded that the factual basis demonstrated overwhelming evidence that Movant was guilty of first-degree assault of a law enforcement officer, and noted that Movant apologized for shooting at the officer. The questions asked in the plea hearing, in combination with Movant's acknowledgment of the facts stated by the prosecutor, were sufficient to refute Movant's claim. See *Muhammad v. State*, 367 S.W.3d 659, 661 (Mo. App. E.D. 2012) (holding that a plea is knowingly entered if the defendant has sufficient awareness of the relevant circumstances and likely

consequences of the act); see also *Whitehead v. State*, 481 S.W.3d 116, 125 (Mo. App. E.D. 2016) (no ineffective assistance of counsel where counsel confirmed that counsel had explained the charges and discussed possible defenses that might be available and indicated he understood the nature of the charges, elements of the charges, and the relevant circumstances of his plea).

Here, the record reflects that Movant understood the nature of the charges against him, the available defenses, and was sufficiently aware of the relevant circumstances of his plea, and thus the record conclusively refutes Movant's claim that his guilty plea was involuntary or unknowing due to counsel's failure to advise him of the possibility of the lesser-included offense of second-degree assault of a law enforcement officer. The motion court did not clearly err in denying, without an evidentiary hearing, Movant's claim. Point denied.

*Waiksnis*, No. ED103190, (Respondent's Exhibit C, pp. 6-8).

These findings are consistent with federal law. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967, 198 L.Ed.2d 476 (2017)). Instead, judges should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted). The Missouri Court's conclusion is a reasonable determination of the issues and, as is legally required, must receive deference pursuant to 28 U.S.C §2254(d).

Petitioner's Ground Three claim will be denied.

## Conclusion

Based upon the foregoing discussion and analysis, the Petition for Writ of Habeas Corpus is denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive

constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted").

For the reasons stated in this opinion, the Court finds that Petitioner's first two claims are clearly procedurally defaulted. The Court also finds that the denial of Petitioner's third claim is based on such a clear record and well-settled law that no reasonable jurists would debate that no constitutional right of Petitioner was denied. Therefore, no certificate of appealability will issue in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **dismissed.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 9th day of November, 2020.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE